# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| | **FEBRUARY 2025**     **03288** |
| | E-Filing Number: 2502050192 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| NIKENYE GREENE | SPS TECHNOLOGIES, LLC D/B/A PCC FASTENERS |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1875 JENKINTOWN RD<br>JENKINTOWN PA 19046 | 301 HIGHLAND AVE<br>JENKINTOWN PA 19046 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☐ Non-Jury<br>☒ Other: CLASS ACTION | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce   ☐ Settlement<br>☐ Minor Court Appeal   ☐ Minors<br>☐ Statutory Appeals   ☐ W/D/Survival |

| CASE TYPE AND CODE |
|---|
| C1 - CLASS ACTION |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES     NO |
|---|---|---|
| | **FILED<br>PRO PROTHY**<br>FEB **24** 2025<br>**C. SMITH** | |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>NIKENYE GREENE</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JOSEPH G. SAUDER | 1109 LANCASTER AVE<br>BERWYN PA 19312 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (610)200-0580 | none entered | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 82467 | jgs@sstriallawyers.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *JOSEPH SAUDER* | Monday, February 24, 2025, 08:17 pm |

NIKENYE GREENE, individually and on behalf of all others similarly situated,

        Plaintiff,

v.

SPS TECHNOLOGIES, LLC d/b/a PCC FASTENERS,

        Defendant.

**COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**

Case No.

<u>JURY TRIAL DEMANDED</u>



Filed and Attested by the
Office of Judicial Records
24 FEB 2025 08:47 pm
E. SMITH

| "NOTICE" | "AVISO" |
|---|---|
| "You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. | "Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las páginas siguientes, tiene veinte (20) días, a partir de recibir esta demanda y la notificación para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. |
| You are warned that if you fail to do so the case may proceed without you and a judgement may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Sea avisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir culquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted. |
| "YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. <u>THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.</u> <u>IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.</u> | USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PARGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. <u>ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.</u> <u>SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.</u> |
| PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL and INFORMATION SERVICE One Reading Center Philadelphia, Pennsylvania 19107 (215) 238-1701" | ASSOCIACION DE LICENDIADOS DE FILADELFIA SERVICO DE REFERENCA E INFORMACION LEGAL One Reading Center, Filadelfia, Pennsylvania 19107 Telefono: (215) 238-1701" |

## CLASS ACTION COMPLAINT

Plaintiff Nikenye Greene, individually and on behalf of all others similarly situated, brings this action against Defendant SPS Technologies, LLC d/b/a PCC Fasteners ("SPS Technologies" or "Defendant"), by and through her attorneys, and alleges as follows based on information and belief and the investigation by her attorneys, except as to allegations specifically pertaining to Plaintiff, which are made upon personal knowledge:

## INTRODUCTION

1.    On Monday, February 17, 2025, at approximately 9:35 p.m., a massive fire erupted in the SPS Technologies industrial facility located in Abington Township, Pennsylvania ("Abington facility" or the "facility").[1]

2.    SPS Technologies is classified as a "chemical treatment, storage, and disposal facility" that handles chemicals that "have the potential cause harmful impacts on people."[2] The company is known to be a "large generator of chemical waste, some of which is categorized as 'ignitable.'"[3]

3.    The explosion released heavy amounts of smoke and flames throughout the area. It was further reported that witnesses to the fire heard explosions from the

---

[1] https://www.nbcphiladelphia.com/news/local/firefighters-battle-fire-at-sps-technologies-building-in-abington-twp-pa/4112036/ (last visited February 25, 2025)

[2] https://www.inquirer.com/news/pennsylvania/live/sps-technologies-fire-updates-jenkintown-20250218.html/card-1990837988 (last visited February 25, 2025)

[3] *Id.*

Case ID: 250203288

building.[4]

4.    As of Tuesday, February 18, 2025, the fire was still smoldering.[5]

5.    Reports reveal that SPS Technologies was aware that the Abington facility's sprinkler system was "out of service" for several months, but failed to adequately address and/or repair the system before the fire erupted.[6]

6.    Further, while the cause of the fire is still under investigation, officials reported "concerns that fire fighting materials could react with chemicals onsite to create arsenic."[7]

7.    This lawsuit is filed by Plaintiff individually and on behalf of all others similarly situated who: (i) reside and/or work in the vicinity of the fire that occurred on February 17, 2025, and (ii) experienced displacement, confinement, or other restrictions due to the fire, including evacuations, shelter-in-place orders, or other official or necessary measures.

8.    The negligence and recklessness of the Defendant in its failure to prevent the fire has caused and continues to cause harm to the Plaintiff and the Class.

## JURISDICTION AND VENUE

---

[4] https://6abc.com/post/crews-battling-massive-fire-sps-technologies-abington-township-pennsylvania/15924010/ (last visited February 25, 2025)
[5] https://www.fox29.com/news/massive-fire-sps-technologies-abington-twp (last visited February 25, 2025)
[6] https://www.hmpgloballearningnetwork.com/site/emsworld/crews-thought-they-had-industrial-fire-near-philly-under-control-then-came-smoke-and (last visited February 25, 2025)
[7] https://www.nbcphiladelphia.com/news/local/firefighters-battle-fire-at-sps-technologies-building-in-abington-twp-pa/4112036/ (last visited February 25, 2025)

Case ID: 250203288

9.     This Court has personal jurisdiction over Defendant pursuant to 42 Pa. Cons. Stat. § 5301, because it is incorporated and headquartered in the Commonwealth of Pennsylvania, and has conducted substantial business and intentionally and purposefully offered services within the Commonwealth of Pennsylvania.

10.     This Court has subject matter jurisdiction over this action pursuant to 42 Pa. Cons. Stat. § 931.

11.     Venue is proper in this Court pursuant to 231 Pa. Code § 2179, because Defendant is headquartered in this district, transacts business in this district, is subject to personal jurisdiction in this district, and therefore is deemed to be a citizen of this district, and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

**Plaintiff Nikenye Greene**

12.     Plaintiff Nikenye Greene is a citizen and resident of Jenkintown, Pennsylvania.

13.     Plaintiff Greene lives less than a half-mile away from the SPS Technologies Abington facility where the fire erupted.

14.     On February 17, 2025, Plaintiff Greene was in her apartment when the fire erupted. Almost immediately, smoke from the fire entered her apartment and

4

Case ID: 250203288

quickly became unbearable, so Plaintiff Greene was forced to leave her apartment and spend the night elsewhere.

15.    By February 18, 2025, the air quality had worsened, and local officials instituted shelter-in-place and evacuation advisories, to which Plaintiff Greene was subjected.

16.    Due to the advisories, Plaintiff Greene was unable to return to her apartment.

17.    As a result of the fire, Plaintiff Greene's apartment smells of smoke and burnt material. Additionally, all of Plaintiff Greene's possessions smell of smoke.

18.    Additionally, Plaintiff Greene has experienced adverse health effects from the fire, including a cough, chest pain, and is afraid of the long-term effects associated therewith.

19.    As a result of Defendant's negligent, careless, reckless, and/or intentional conduct in connection with the February 17, 2025 fire, Plaintiff Greene has suffered damages, including, but not limited to, economic damage and/or displacement costs, an increased risk of disease from exposure to and inhalation of toxic chemicals, contamination of her property by egregiously high and dangerous levels of toxic chemicals dispersed by Defendant into the air, and the loss of use and enjoyment of her property and resulting inconvenience, disruption and emotional distress.

Case ID: 250203288

**Defendant**

20.    Defendant SPS Technologies, LLC d/b/a PCC Fasteners ("SPS Technologies") is a domestic limited liability company formed in Pennsylvania. Its principal place of business is located at 301 Highland Avenue, Jenkintown, Pennsylvania 19046.

21.    SPS Technologies' registered agent for service of process is National Registered Agents, Inc., 600 North 2nd Street, Suite 401, Harrisburg, Pennsylvania 17101.

22.    At all relevant times, Defendant SPS Technologies acted individually as well as by and through its respective officers, directors, executives, employees, contractors, subcontractors, and/or agents.

## FACTUAL ALLEGATIONS

### A. Defendant's History of Mishandling Toxic Chemicals

23.    SPS Technologies owns and operates a 560,000-square-foot industrial complex located at 301 Highland Avenue in Abington Township, Pennsylvania.[8]

24.    SPS Technologies was acquired by PCC Fasteners, a division of Precision Castparts Corp. (PCC), a subsidiary of Berkshire Hathaway. PCC Fasteners specializes in high-performance fasteners and aerospace components used

---

[8] https://www.pccfasteners.com/companies/pcc-fasteners/sps-jenkintown.html (last visited February 25, 2025)

Case ID: 250203288

in commercial and military applications. The acquisition of SPS Technologies by Precision Castparts Corp. was finalized in 2003 for approximately $575 million as part of a strategic expansion into the aerospace fastener market.[9]

25.    The Abington Township facility designs and manufactures fasteners, fittings, and other materials for aerospace and other industrial sectors, including medical, automotive racing, marine, and power generation industries.[10]

26.    SPS Technologies uses a vast array of materials in its design and manufacturing process, including alloy steel, carbon steel, stainless steel, aluminum, brass, cadmium, zinc, dull nickel, black oxide, silver, INCONEL®, WASPALOY®, titanium, MP35N®, MP159®, AEREX®, and MP98T®.[11]

27.    Even the slightest exposure to these materials can be toxic. For example, nickel-based alloys (INCONEL®, WASPALOY®, MP35N®, MP159®, MP98T®) release nickel oxide fumes when exposed to extreme heat, which can cause respiratory irritation.[12] Additionally, alloy steel and corrosion-resistant steel (iron) produce iron oxide fumes, which can lead to lung problems if inhaled.[13]

28.    The SPS Technologies facility also handles other potentially toxic

---

[9] https://www.sec.gov/Archives/edgar/data/79958/000104746903028051/a2117247z425.htm (last visited February 25, 2025)
[10] Id.
[11] Id.
[12] https://www.cdc.gov/niosh/npg/npgd0445.html (last visited February 25, 2025)
[13] https://www.cdc.gov/niosh/npg/npgd0344.html (last visited February 25, 2025)

Case ID: 250203288

chemicals including trichloroethene, vinyl chloride, and 1-2 dichloroethane.[14]

29.    Trichloroethylene is a nonflammable, manmade colorless liquid used mainly as a solvent to degrease metal. Exposure can cause cancer, developmental problems, and adversely impact male reproduction, including hormonal disruptions, testicular and DNA damage, increased risk of reproductive disorders, and more.[15]

30.    Additionally, vinyl chloride is a manmade, colorless gas that burns easily and is used to make polyvinyl chloride. Exposure is associated with an increased risk of liver, brain, and lung cancers, as well as leukemia and lymphoma.[16]

31.    Environmental regulators found issues at Defendant's Abington facility as far back as the 1980s when the Environmental Protection Agency ("EPA") investigated underground storage tanks that leaked trichloroethene, a chlorinated solvent, into groundwater beneath the facility.[17] Low levels of the compound were found in the groundwater until 2010. Low levels of cadmium were also found through 2012. As a result, SPS Technologies was required to take several corrective measures for various environmental violations.[18]

---

[14] https://www.inquirer.com/news/pennsylvania/live/sps-technologies-fire-updates-jenkintown-20250218.html/card-1990837988 (last visited February 25, 2025)

[15] https://pubchem.ncbi.nlm.nih.gov/compound/Trichloroethylene (last visited February 25, 2025)

[16] https://www.cancer.gov/about-cancer/causes-prevention/risk/substances/vinyl-chloride (last visited February 25, 2025)

[17] https://www.inquirer.com/news/pennsylvania/live/sps-technologies-fire-updates-jenkintown-20250218.html/card-1990837988 (last visited February 25, 2025)

[18] *Id.*

Case ID: 250203288

32.    In 2015, an EPA assessment of the Abington site identified multiple areas of concern, including the soil and groundwater.[19] Screening showed volatile organic compounds ("VOCs") and metals in the soil and water.[20]

33.    Between 2021 and 2023, SPS Technologies generated and disposed of 177 tons of chemicals at its Abington facility in Abington Township, Pennsylvania.[21]

34.    Most recently, in 2023, SPS Technologies reached an agreement with the Environmental Protection Agency that required SPS Technologies to pay a civil penalty of approximately $109,000 to resolve allegations that it violated several federal and state regulations, including that SPS Technologies (i) operated without a permit or interim status to handle hazardous materials; (ii) improperly stored hazardous waste for greater than 90 days; (iii) failed to mark containers of hazardous waste; (iv) failed to keep containers of hazardous waste closed; and (v) failed to maintain an adequate contingency plan.[22]

**B. Defendant's History of Fires and Lack of Maintenance at the Abington Facility**

35.    SPS Technologies has a history of fires at its Abington facility.

---

[19] *Id.*

[20] *Id.*

[21] https://enviro.epa.gov/envirofacts/rcrainfo/facility?handlerId=PAD000000554 (last visited February 25, 2025)

[22] https://yosemite.epa.gov/OA/RHC/EPAAdmin.nsf/CAFOs%20and%20ESAs/B2D85AE328EF240385258A370052C3DB/$File/SPS%20Technologies%20LLC_RCRA%20C%20CAFO_Sept%2027%202023.pdf  (last visited February 25, 2025)

Case ID: 250203288

36.    In approximately 2022, a fire also broke out at the Abington facility.[23]

37.    Additionally, retired workers at SPS Technologies have recalled multiple instances of fires at the facility.[24]

38.    For example, an SPS Technologies employee recalled a "small explosion" when working with titanium and a wood chipper.[25]

39.    According to one retired worker who worked at the facility for 37 years, the SPS facility is "covered in a lot of flammable stuff," and "gas lines from the heat furnace could explode," said Glenn Meyers, who retired in 2022. "Oil falls off the machines and leaks from the pans that carry parts ... A good portion of the flooring is just oiled soaked wood that would burn easily."[26]

40.    During his tenure at SPS Technologies' Abington facility, Meyers recalls at least six of seven fires.[27]

41.    In addition to recurring fires at the Abington facility, SPS Technologies failed to maintain the facility with a working sprinkler system. A current employee reported that "SPS had been without working sprinklers for about two months," prior

---

[23] https://www.inquirer.com/news/pennsylvania/live/sps-technologies-fire-updates-jenkintown-20250218.html/card-1001039498 (last visited February 25, 2025)
[24] https://www.inquirer.com/news/pennsylvania/live/sps-technologies-fire-updates-jenkintown-20250218.html/card-1157479816 (last visited February 25, 2025)
[25] https://www.hmpgloballearningnetwork.com/site/emsworld/crews-thought-they-had-industrial-fire-near-philly-under-control-then-came-smoke-and (last visited February 25, 2025)
[26] https://www.inquirer.com/news/pennsylvania/live/sps-technologies-fire-updates-jenkintown-20250218.html/card-1157479816 (last visited February 25, 2025)
[27] *Id.*

Case ID: 250203288

to the fire.[28]

42.    Upon information and belief, SPS Technologies did not repair, replace, or otherwise adequately address the faulty sprinkler system prior to the fire and explosion.

**C. The February 17, 2025 Fire**

43.    On Monday, February 17, 2025, at approximately 9:35 p.m., a significant four-alarm fire erupted in the center of the 560,000 square foot facility (the "Abington facility").

44.    The fire caused a massive explosion necessitating a large-scale emergency response involving 68 fire companies and hundreds of firefighters.[29]

45.    Witness statements indicated an explosion occurred within the building, and flames were visible inside the warehouse structure. First responders arriving at the scene encountered multiple explosions within the facility.

---

[28] https://www.hmpgloballearningnetwork.com/site/emsworld/crews-thought-they-had-industrial-fire-near-philly-under-control-then-came-smoke-and (last visited February 25, 2025)
[29] https://6abc.com/post/crews-battling-massive-fire-sps-technologies-abington-township-pennsylvania/15924010/ (last visited February 25, 2025)

Case ID: 250203288

46.     The below photos depict the fire:[30]



---

[30] *See id.*; https://www.nbcphiladelphia.com/news/local/firefighters-battle-fire-at-sps-technologies-building-in-abington-twp-pa/4112036/ (last visited February 25, 2025)

Case ID: 250203288





13

Case ID: 250203288

47.    Due to concerns about hazardous materials potentially burning at the site, officials issued a shelter-in-place order for residents and businesses within a one-mile radius of the facility, as depicted below:[31]



Additionally, residents and businesses were advised to limit outdoor activities due to the potential risks of poor air quality.

---

[31] https://6abc.com/post/crews-battling-massive-fire-sps-technologies-abington-township-pennsylvania/15924010/ (last visited February 25, 2025)

Case ID: 250203288

48.    Around 3:00 p.m. on Tuesday, February 18, 2025, officials established an evacuation zone for certain residents and businesses within the vicinity of the facility due to growing concerns of air quality and hazardous materials in the area:[32]



John Duchneskie / Staff Artist

49.    As of 5:05 p.m. on Tuesday, February 18, 2025, it was reported that more than 250 homes were impacted by the evacuation zone established in the

---

[32] https://www.inquirer.com/news/pennsylvania/live/sps-technologies-fire-updates-jenkintown-20250218.html/card-1990837988 (last visited February 25, 2025);
https://www.abingtonpa.gov/home/showpublisheddocument/18379/638754853496063662 (last visited February 25, 2025)

Case ID: 250203288

Tuesday evacuation advisory.[33]

50.     As of Wednesday, February 19, 2025, Abington Township police and other officials reported that the fire had still not been extinguished.[34]

51.     The Abington Fire Marshal, Montgomery County Hazmat Team, and the Montgomery County Office of Emergency Management directed the closure of all schools in the Abington and Jenkintown school districts on February 18, 2025 due to concerns about air quality. Additionally, all Abington and Cheltenham school district schools and buildings/grounds, along with Arcadia University, were closed on February 18 and 19, 2025, and possibly longer.[35]

52.     Additionally, SEPTA (Southeastern Pennsylvania Transportation Authority) suspended its Lansdale/Doylestown, West Trenton, and Warminster regional rail lines, as the fire had burned near the Glenside Station until further

---

[33] https://patch.com/pennsylvania/abington/warehouse-explodes-abington-twp?utm_campaign=blasts&utm_medium=social&utm_content=pennsylvania&utm_source=facebook.com&fbclid=IwY2xjawIhacxleHRuA2FlbQIxMQABHc7rWIKvIqoSA7MbHa-h9ibQ8Do-Cj72VH0HxsFn6Mfyc_OKXboDyb8Udw_aem_7NAoKWhiCILbb4hYm0WsOQ (last visited February 25, 2025)

[34] https://www.cbsnews.com/philadelphia/news/fire-in-jenkintown-sps-technologies/ (last visited February 25, 2025)

[35] https://patch.com/pennsylvania/abington/warehouse-explodes-abington-twp?utm_campaign=blasts&utm_medium=social&utm_content=pennsylvania&utm_source=facebook.com&fbclid=IwY2xjawIhacxleHRuA2FlbQIxMQABHc7rWIKvIqoSA7MbHa-h9ibQ8Do-Cj72VH0HxsFn6Mfyc_OKXboDyb8Udw_aem_7NAoKWhiCILbb4hYm0WsOQ (last visited February 25, 2025); https://6abc.com/post/crews-battling-massive-fire-sps-technologies-abington-township-pennsylvania/15924010/ (last visited February 25, 2025)

Case ID: 250203288

notice.[36]

53.     Abington Township was aware of the chemicals used at SPS Technologies and their locations, and the dangers of their potential reactions. Fire crews were able to isolate most of the chemicals and prevent them from igniting, but active monitoring continues.

54.     Firefighters have continued to battle the fire, using water to ensure full containment. Due to the age and size of the facility, complete extinguishment has been challenging. Officials were concerned that the fire and subsequent firefighting efforts could have caused certain chemicals to react, potentially forming hazardous substances such as arsenic, necessitating air quality monitoring in the affected area.

55.     The fire has caused significant disruption to the local community, including potential exposure to hazardous substances, property damage, and business and school interruptions.

56.     The Abington Township Police Detective Division, in conjunction with the Township Fire Marshal's office, is actively investigating the cause of the fire. No cause has been speculated, as priority remains on fire suppression and environmental safety monitoring.[37]

---

[36] https://www.pennlive.com/news/2025/02/massive-fire-rips-through-pa-industrial-complex-residents-told-to-shelter-in-place.html (last visited February 25, 2025); https://www.cbsnews.com/philadelphia/news/fire-in-jenkintown-sps-technologies/ (last visited February 25, 2025).

[37] https://www.nbcphiladelphia.com/news/local/firefighters-battle-fire-at-sps-technologies-building-in-abington-twp-pa/4112036/ (last visited February 25, 2025)

Case ID: 250203288

57.     As a result of the February 17, 2025 fire, Plaintiff and Class members have been exposed to harmful and potentially fatal chemicals that can have both short- and long-term health consequences.

58.     Nearby residents also experienced property damage as a result of debris from the fire landing on their property, including in their yards and in their homes.

59.     Additionally, businesses, churches, schools, and government buildings were forced to shut down operations due to the fire.

## CLASS ALLEGATIONS

60.     Plaintiff brings this action, individually, and on behalf of a class, pursuant to Pa. R. Civ. P. 1701 and Pa. R. Civ. P. 1702, defined as follows:

> All individuals who (i) reside and/or work in the vicinity of the Abington facility fire that occurred on February 17, 2025, and (ii) experienced displacement, confinement, or other restrictions due to the fire, including evacuations, shelter-in-place orders, or other official or necessary measures.[38]

61.     Excluded from the Class(es) are: (a) Defendant; (b) Defendant's affiliates, agents, employees, officers and directors; and (c) the judge assigned to this matter, the judge's staff, and any member of the judge's immediate family. Plaintiff reserves the right to modify, change, or expand the various class definitions set forth above based on discovery and further investigation.

---

[38] Plaintiff reserves the right to amend or add to the timeframe included in the definition of the Class after conducting discovery.

Case ID: 250203288

62.    **Numerosity:** Upon information and belief, the Class is so numerous that joinder of all members is impracticable. While the exact number and identity of individual members of the Class are unknown at this time, hundreds and/or thousands of individuals live in Abington Township, and thousands of properties were subject to the shelter-in-place order, thus Plaintiff believes, and on that basis alleges, that the Class consists of tens of thousands of people.

63.    **Commonality:** Common questions of law and fact exist as to all members of each Class. These questions predominate over questions affecting individual Class members. These common legal and factual questions include, but are not limited to:

a.    Whether Defendant caused the fire at the SPS Technologies facility;

b.    Whether Defendant caused the release of toxic and/or hazardous materials and particulate matter into the surrounding communities;

c.    Whether Defendant had a duty to exercise reasonable care in handling highly toxic and harmful materials;

d.    Whether Defendant failed to exercise reasonable care when they released highly toxic and/or hazardous materials and particulate matter into the surrounding communities;

e.    Whether Defendant failed to follow safety measures that would have prevented the fire;

f.    Whether Defendant engaged in ultrahazardous activities;

g.    Whether Defendant created a nuisance;

h.    Whether Defendant engaged in a trespass to the properties of Class members;

i.    Whether Plaintiff and the Class members suffered injury and damages as a result of Defendant's conduct; and

j.    Whether Plaintiff and the Class members are entitled to damages, equitable relief, and other relief deemed appropriate under the

Case ID: 250203288

law.

64. **Typicality**: Plaintiff has the same interest in this matter as all Class members, and Plaintiff's claims arise out of the same set of facts and conduct as the claims of all Class members. Plaintiff's and Class members' claims all arise out Defendant's uniform conduct.

65. **Adequacy**: Plaintiff has no interest that conflicts with the interests of the Class, and is committed to pursuing this action vigorously. Plaintiff has retained counsel competent and experienced in complex consumer class action litigation. Accordingly, Plaintiff and her counsel will fairly and adequately protect the interests of the Class.

66. **Superiority**: A class action is superior to all other available means of fair and efficient adjudication of the claims of Plaintiff and members of the Class. The injury suffered by each individual Class member is relatively small compared to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Class individually to effectively redress the wrongs done to them. Even if the members of the Class could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of this case. Individualized rulings and judgments could result in inconsistent relief for

Case ID: 250203288

similarly situated individuals.  By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

67.    Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## COUNT I

## NEGLIGENCE

68.    Plaintiff restates, re-alleges, and incorporates herein by reference the preceding paragraphs as if fully set forth herein.

69.    The February 17, 2025 fire was caused by the negligence of Defendant.

70.    Upon information and belief, Plaintiff avers that the fire was caused by the negligence of Defendant.

71.    Defendant, as a manufacturer, distributor, and/or supplier of fasteners, fittings, and other materials for aerospace and other industrial sectors have superior knowledge of these materials and their dangers.

72.    Defendant knew or should have known that its conduct leading to the February 17, 2025 fire would cause injury and damage to nearby residents, including Plaintiff's and proposed Class members' and property and communities, and such harm was foreseeable.

Case ID: 250203288

73.     Defendant owed a duty to Plaintiff and proposed Class members, as persons who would be foreseeably harmed by its negligent handling of potentially toxic or hazardous materials, to exercise due and reasonable care to prevent the fires on February 17, 2025.

74.     Defendant owed and breached a duty of reasonable care commensurate with the risk of using, manufacturing, storing, and processing potentially toxic and hazardous materials at its facility.

75.     Defendant's duties include, but are not limited to:

a.      Prevent a fire from occurring on February 17, 2025 at its Abington Township facility;

b.      Build, maintain, repair, or otherwise prepare the facility to prevent dangerous reactions;

c.      Ensure materials were not compromised or released as a result of extreme weather events;

d.      Follow the Occupational Safety and Health Administration ("OSHA") guidance presented in resources related to industrial manufacturing facilities;

e.      Properly and safely store toxic and/or hazardous materials at the facility;

f.      Prevent dangerous chemical reactions between water, materials, and/or extreme heating conditions at the facility;

g.      Store, handle, maintain, process or otherwise use materials at the facility in manners that prevent fires;

h.      Maintain adequate fire prevention, protection and/or suppression systems at the facility;

i.      Maintain emergency and fire protection equipment to ensure it was in good working order;

j.      Promptly extinguish the fire on February 17, 2025 at its Abington Township facility;

k.      Avoid contaminating the air in the proposed Class's communities and surrounding area;

l.      Prevent exposing Plaintiff and the proposed Class to continuous

Case ID: 250203288

harmful particulate matter even after the fire was extinguished;

m.     Avoid creating or exacerbating circumstances at the facility that would necessitate shelter-in-place orders;

n.     Conduct its operations in a safe manner;

o.     Create or enforce policies that would prevent fires from occurring at the facility;

p.     Require or follow reasonable safety measures to prevent or mitigate fires at the facility;

q.     Maintain its premises in a safe condition so as to prevent fires;

r.     Properly supervise and train personnel to prevent fires;

s.     Properly inspect fire suppression systems, chemical storage, or condition of the premises to prevent fires;

t.     Conform its conduct to applicable federal, state, and local legal requirements, including without limitation the federal Clean Air Act, the federal Clean Water Act, the federal Resource Conservation and Recovery Act, the federal Comprehensive Environmental Response Compensation and Liability Act, including specifically the Emergency Planning and Community Right-to-Know Act, the Pennsylvania Hazardous Waste Program, the Pennsylvania Hazardous Sites Cleanup Act, and the regulations promulgated pursuant to the statutes;

u.     Warn Plaintiff and proposed Class members of the long-term health risks and consequences of exposure to high levels of toxic and/or hazardous materials;

v.     Sufficiently address the February 17, 2025 fire in a way that would reduce injury and damage to the proposed Class members; and

w.     Prevent the fire through further actions or inactions revealed in discovery.

76.     Defendant breached its duty of reasonable care owed to Plaintiff and proposed Class members in at least the following respects:

a.     Failing to prevent a fire from occurring on February 17, 2025 at the facility;

b.     Failing to build, maintain, repair, or otherwise prepare the facility to prevent dangerous reactions;

c.     Failing to ensure materials were not compromised or released as a result of extreme weather events;

Case ID: 250203288

d.     Failing to follow the Occupational Safety and Health Administration ("OSHA") guidance presented in resources related to industrial manufacturing facilities;

e.     Failing to properly and safely store toxic and/or hazardous materials at the facility;

f.     Failing to prevent dangerous chemical reactions between water, materials, and/or extreme heating conditions at the facility;

g.     Failing to store, handle, maintain, process or otherwise use materials at the facility in manners that prevent fires;

h.     Failing to maintain adequate fire prevention, protection and/or suppression systems at the facility;

i.     Failing to maintain emergency and fire protection equipment to ensure it was in good working order;

j.     Failing to promptly extinguish the fire on February 17, 2025 at its Abington Township facility;

k.     Failing to avoid contaminating the air in the proposed Class's communities and surrounding area;

l.     Failing to prevent exposing Plaintiff and the proposed Class to continuous harmful particulate matter even after the fire was extinguished;

m.     Failing to avoid creating or exacerbating circumstances at the facility that would necessitate shelter-in-place orders;

n.     Failing to conduct its operations in a safe manner;

o.     Failing to create or enforce policies that would prevent fires from occurring at the facility;

p.     Failing to require or follow reasonable safety measures to prevent or mitigate fires at the facility;

q.     Failing to maintain its premises in a safe condition so as to prevent fires;

r.     Failing to properly supervise and train personnel to prevent fires;

s.     Failing to properly inspect fire suppression systems, chemical storage, or condition of the premises to prevent fires;

t.     Failing to conform its conduct to applicable federal, state, and local legal requirements, including without limitation the federal Clean Air Act, the federal Clean Water Act, the federal Resource Conservation and Recovery Act, the federal Comprehensive Environmental Response Compensation and Liability Act, including specifically the Emergency Planning and Community Right-to-Know Act, the Pennsylvania Hazardous Waste Program, the Pennsylvania Hazardous Sites Cleanup Act, and the

Case ID: 250203288

regulations promulgated pursuant to the statutes;

u.    Failing to warn Plaintiff and proposed Class members of the long-term health risks and consequences of exposure to high levels of toxic and/or hazardous materials;

v.    Failing to sufficiently address the February 17, 2025 fire in a way that would reduce injury and damage to the proposed Class members; and

w.    Failing to prevent the fire through further actions or inactions revealed in discovery.

77.    Defendant's breach of duty directly and proximately caused Plaintiff and the proposed Class to suffer injury and damages.

78.    The damages to Plaintiff and Class members were also caused by or aggravated by the fact that Defendant failed to take necessary actions to ensure that toxic and/or hazardous materials were stored in such a way that a fire in the facility destroyed the means of removing them from the premises; thus exposing nearby residents to the toxic and/or hazardous materials.

79.    Plaintiff's and the Class members' injuries and damages include, but are not limited to hurt, inconvenience, loss of use and enjoyment of property, loss of right to enjoy possession of their property, discomfort, disrupted peace of mind, unhappiness, annoyance, emotional distress, costs of repair, restoration, and remediation, lost trees and growth, lost business income, the property's market, usable, or rental value, the loss or depreciation of property or business value, evacuation and relocation expenses, out of pocket expenses, and other economic damages as recoverable by law.

Case ID: 250203288

80.    Plaintiff's and the Class's damages include the need for remediation and continued, periodic testing of their water, soil, crops, and air to ensure they are safe.

81.    Punitive damages should be imposed in an amount sufficient to punish, penalize, or deter Defendant from repeating similar conduct.

## COUNT II

## PRIVATE NUISANCE

82.    Plaintiff restates, re-alleges, and incorporates herein by reference the preceding paragraphs as if fully set forth herein.

83.    Through its improper actions resulting in the February 17, 2025 fire, Defendant caused hurt, inconvenience, and damage to Plaintiff and proposed Class members.

84.    Defendant invaded Plaintiff's and Class Members' interest in their property, including their interest in the use and enjoyment of their property, causing nuisance.

85.    The nuisance is such that it would affect an ordinary, reasonable person.

86.    Following the fire, Plaintiff and Class members were exposed to a continuous nuisance as toxic and/or hazardous materials invaded their property.

87.    The invasion resulted from Defendant's negligent and/or reckless conduct, and/or involved abnormally dangerous activities or conditions.

26

Case ID: 250203288

88.    Defendant caused the creation, continuance, and maintenance of the nuisance.

89.    The nuisance was in Defendant's control.

90.    Defendant knew or should have known that its conduct was abnormally dangerous and would cause nuisance to Plaintiff and the proposed Class.

91.    Defendant did not remedy the nuisance in a reasonable time.

92.    As a result of Defendant's conduct and resulting nuisance, Plaintiff and proposed Class members suffered injury and damages.

93.    Plaintiff's and Class members' injuries and damages are a direct and proximate result of Defendant's conduct leading to the February 17, 2025 fire, and the resulting nuisance.

94.    Plaintiff's and Class members' injuries and damages include, but are not limited to, hurt, inconvenience, loss of use and enjoyment of property, loss of right to enjoy possession of their property, discomfort, disrupted peace of mind, unhappiness, annoyance, costs of repair, restoration, and remediation of property, lost trees and growth, the depreciation or reduction in their property's market, usable, or rental value, the loss or depreciation of property or business value, evacuation and relocation expenses, out of pocket expenses, and other economic damages as recoverable by law.

95.    Plaintiff's and the Class's damages include the need for remediation

27

Case ID: 250203288

and continued, periodic testing of their water, soil, crops, and air to ensure they are safe.

96.    Punitive damages should be imposed in an amount sufficient to punish, penalize, or deter Defendant from repeating similar conduct.

## COUNT III

## PUBLIC NUISANCE

97.    Plaintiff restates, re-alleges, and incorporates herein by reference the preceding paragraphs as if fully set forth herein.

98.    Through their actions resulting in the February 17, 2025 fire, Defendant caused hurt, inconvenience, and damage to Plaintiff and proposed Class members.

99.    Through its improper actions, and the resulting spread of toxic and/or hazardous materials, Defendant invaded Plaintiff's interest in property, including her interest in the use and enjoyment of her property, causing nuisance.

100.    The nuisance damaged all those within the sphere of Defendant's operation.

101.    The nuisance obstructed or caused inconvenience to the public in the exercise of rights common to all.

102.    The nuisance is such that it would affect an ordinary, reasonable person.

103.    Following the fire, Plaintiff and Class members were exposed to a continuous nuisance as toxic and/or hazardous materials invaded their property.

Case ID: 250203288

104.    Defendant caused the creation, continuance, and maintenance of the nuisance.

105.    The nuisance was in Defendant's control.

106.    Defendant knew or should have known that its conduct would cause nuisance to Plaintiff and the proposed Class.

107.    Defendant did not prevent or remedy the nuisance in a reasonable time.

108.    As a result of Defendant's conduct and resulting nuisance, Plaintiff suffered injury and special damages.

109.    Plaintiff's and the Class members' injuries and special damages from are a direct and proximate result of Defendant's conduct leading to the February 17, 2025 fire, and the resulting nuisance.

110.    Plaintiff's and the Class members' special damages and injuries include, but are not limited to, their hurt, inconvenience, loss of use and enjoyment of property, loss of right to enjoy possession of their property, discomfort, disrupted peace of mind, unhappiness, annoyance, costs of repair, restoration, and remediation of property, lost trees and growth, the depreciation or reduction in their property's market, usable, or rental value, the loss or depreciation of property or business value, evacuation and relocation expenses, out of pocket expenses, and other economic damages as recoverable by law.

111.    Plaintiff's and the Class's damages include the need for remediation

Case ID: 250203288

and continued, periodic testing of their water, soil, crops, and air to ensure they are safe.

112.   Punitive damages should be imposed in an amount sufficient to punish, penalize, or deter Defendant from repeating similar conduct.

## COUNT IV

## TRESPASS TO LAND AND CHATTEL

113.   Plaintiff restates, re-alleges, and incorporates herein by reference the preceding paragraphs as if fully set forth herein.

114.   Defendant's negligent and/or intentional conduct leading to the February 17, 2025 fire interfered with the rights of Plaintiff and the proposed Class to enjoy, use, and exclude others from their private property, resulting in a trespass.

115.   Defendant intentionally maintained toxic and/or hazardous materials and its facility in such a way that the fire and trespass would occur.

116.   Defendant knew or should have known that its conduct leading to the February 17, 2025 fire would cause a trespass to nearby residents, including Plaintiff and proposed Class members.

117.   Defendant knew or should have known that its act of trespass was wrong.

118.   Defendant did and continues to wrongfully interfere with, invade, and intrude on the rights of Plaintiff and the proposed Class to the exclusive use and

Case ID: 250203288

benefit of their property rights.

119.   Plaintiff's and Class members' injuries and damages are a direct and proximate result of Defendant's conduct leading to the February 17, 2025 fire, and the resulting nuisance.

120.   Plaintiff's and the Class Members' injuries and damages include, but are not limited to, their hurt, inconvenience, loss of use and enjoyment of property, loss of right to enjoy possession of their property, discomfort, disrupted peace of mind, unhappiness, annoyance, costs of repair, restoration, and remediation of property, lost trees and growth, the depreciation or reduction in their property's market, usable, or rental value, the loss or depreciation of property or business value, evacuation and relocation expenses, out of pocket expenses, and other economic damages as recoverable by law.

121.   Plaintiff's and the Class's damages include the need for remediation and continued, periodic testing of their water, soil, crops, and air to ensure they are safe.

122.   Punitive damages should be imposed in an amount sufficient to punish, penalize, or deter Defendant from repeating similar conduct.

## COUNT V

## ULTRAHAZARDOUS/STRICT LIABILITY

123.   Plaintiff restates, re-alleges, and incorporates herein by reference the

Case ID: 250203288

preceding paragraphs as if fully set forth herein.

124. Defendant has engaged in ultrahazardous and abnormally dangerous activities in its use, storage, handling, and manufacturing of toxic and hazardous materials at the Abington Township facility.

125. Defendant had exclusive custody of and complete control over the manufacturing, processing, storage, handling, use, and inspection of these toxic and hazardous materials.

126. Defendant's conduct regarding these toxic and hazardous materials constitutes ultrahazardous activity.

127. Defendant's ultrahazardous activity is evident based on its history of fires at the Abington Township facility.

128. Defendant's manufacturing, processing, storing, handling, use, and inspection of these toxic and hazardous chemicals were the direct and proximate cause of the February 17, 2025 fire.

129. Plaintiff and proposed Class members were exposed to the fire as a result of Defendant's ultrahazardous or abnormally dangerous activities causing the fire.

130. Plaintiff and proposed Class members suffered injuries and damages as a direct and proximate result of Defendant's ultrahazardous activities.

131. Defendant is thus strictly liable to Plaintiff and proposed Class

Case ID: 250203288

members for their damages.

132.  Plaintiff's and the Class members' injuries and damages include, but are not limited to, their hurt, inconvenience, loss of use and enjoyment of property, loss of right to enjoy possession of their property, discomfort, disrupted peace of mind, unhappiness, annoyance, costs of repair, restoration, and remediation of property, lost trees and growth, the depreciation or reduction in their property's market, usable, or rental value, the loss or depreciation of property or, evacuation and relocation expenses, out of pocket expenses, and other economic damages as recoverable by law.

133.  Plaintiff's and the Class's damages include the need for remediation and continued, periodic testing of their water, soil, crops, and air to ensure they are safe.

134.  Punitive damages should be imposed in an amount sufficient to punish, penalize, or deter Defendant from repeating similar conduct.

## **COUNT VI**

## **WILLFUL WANTON CONDUCT**

135.  Plaintiff restates, re-alleges, and incorporates herein by reference the preceding paragraphs as if fully set forth herein.

136.  Defendant, as a manufacturer, distributor, user, and/or supplier of fasteners, fittings, and other materials for aerospace and other industrial sectors has

Case ID: 250203288

superior knowledge of toxic and/or hazardous materials and their dangers.

137.   Defendant owed a duty to Plaintiff and proposed Class members, as persons who would be foreseeably harmed by its recklessly indifferent handling of these materials, to exercise due and reasonable care to prevent the fire on February 17, 2025, and injuries and damages to Plaintiff and proposed Class members.

138.   Plaintiff and proposed Class members had a reasonable expectation that Defendant would not cause, or fail to prevent, fires in the area surrounding the facility.

139.   Defendant knew or should have known that its conduct leading to the February 17, 2025 fire would cause injury and damage to nearby residents, including Plaintiff's and proposed Class members' property, and such harm was foreseeable.

140.   Defendant's conduct, including but not limited to its failure to prevent this fire despite a history of fires at the facility, breached its duty and demonstrates its willful and wanton conduct.

141.   Defendant breached its duty and acted, or failed to act, knowingly, willfully or wantonly with conscious disregard and indifference to the rights and safety of Plaintiff and proposed Class members with knowledge that its actions and inactions would cause injury and harm to Plaintiff and proposed Class members.

142.   Defendant's conduct was so reckless or so charged with indifference to the consequences as to be equivalent in spirit to actual intent.

Case ID: 250203288

143.   Plaintiff and proposed Class members have suffered injury and damages as a direct and proximate result of Defendant's acting, or failing to act, knowingly, willfully or wantonly with conscious disregard and indifference to the rights and safety of Plaintiff's and proposed Class members.

144.   Plaintiff's and Class members' injuries and damages include, but are not limited to, their hurt, inconvenience, loss of use and enjoyment of property, loss of right to enjoy possession of their property, discomfort, disrupted peace of mind, unhappiness, annoyance, costs of repair, restoration, and remediation of property, lost trees and growth, the depreciation or reduction in their property's market, usable, or rental value, the loss or depreciation of property or business value, evacuation and relocation expenses, out of pocket expenses, and other economic damages as recoverable by law.

145.   Defendant's actions show willful misconduct, wantonness, and want of care which would raise the presumption of conscious indifference to consequences.

146.   Punitive damages should be imposed in an amount sufficient to punish, penalize, or deter Defendant from repeating similar conduct.

147.   Plaintiff's and the proposed Class's damages include the need for remediation and continued, periodic testing of their water, soil, crops, and air to ensure they are safe.

148.   Because Defendant has acted in bad faith in the underlying transaction

Case ID: 250203288

or occurrence and has caused Plaintiff and the proposed Class members unnecessary trouble and expense, it is subject to liability for reasonable attorneys' fees and expenses of litigation as part of damages recoverable by Plaintiff and proposed Class members.

## COUNT VII

## MEDICAL MONITORING

149.    Plaintiff restates, re-alleges, and incorporates herein by reference the preceding paragraphs as if fully set forth herein.

150.    As a direct and proximate result of Defendant's acts and/or omissions, Plaintiff and Class members face an increased susceptibility to injuries and thus irreparable threat to their health can only be mitigated by the creation of a fund to provide for a medical monitoring program, including funding of a study of the long-term effects of exposure to toxic and/or hazardous materials, funding a study of the long-term effects of toxic and/or hazardous materials within the human body, gathering and forwarding to treating physicians information relating to the diagnosis and treatment of injuries which may result from exposure to toxic and/or hazardous materials, aiding in the early diagnosis and treatment of resulting injuries, and providing funding for diagnosis and preventable medical treatment.

151.    Plaintiff and Class members have no adequate remedy in law in that monetary damages alone do not compensate for the insidious and continuing nature

Case ID: 250203288

of the harm to them, and only a monitoring program which notifies the recipients of an aid in correcting the problems can prevent the greater harms which may not occur immediately and which may be preventable if proper research is conducted and the health risks are diagnosed and treated before they occur or become worse.

152.    Plaintiff and Class members have suffered irreparable harm as alleged herein and, in the absence of equitable relief, will suffer further irreparable harm from exposure to chlorine and other hazardous chemicals.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the Class, respectfully requests that this Court:

A.    Determine that the claims alleged herein may be maintained as a class action under Pa. R. Civ. P. 1701 and Pa. R. Civ. P. 1702, and issue an order certifying the Class as defined above;

B.    Appoint Plaintiff as the representative of the Class and her counsel as Class Counsel;

C.    Award all actual, general, special, incidental, statutory, punitive, and consequential damages to which Plaintiff and Class members are entitled;

D.    Award pre-judgment and post-judgment interest on such monetary relief;

E.    Grant appropriate injunctive and/or declaratory relief;

F.    Award reasonable attorney's fees and costs; and

G.    Grant such further relief that this Court deems appropriate.

Case ID: 250203288

## **JURY DEMAND**

Plaintiff, individually and on behalf of the putative Class demands a trial by jury on all issues so triable.

Dated: February 25, 2025

Respectfully submitted,

*/s/ Joseph G. Sauder*
Joseph G. Sauder
Joseph B. Kenney
Juliette T. Mogenson
**SAUDER SCHELKOPF**
1109 Lancaster Avenue
Berwyn, PA 19312
Tel: 888.711.9975
jgs@sstriallawyers.com
jbk@sstriallawyers.com
jtm@sstriallawyers.com

***Attorneys for the Plaintiff***

Case ID: 250203288